UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60964-CIV-DIMITROULEAS
MAGISTRATE JUDGE P. A. WHITE

MANN-RICOT MASSIEU,          :

      Plaintiff,          :

v.                                              REPORT OF
                                                MAGISTRATE JUDGE
DET.LOUIS BAUTISTA,          :
ET AL.,

      Defendants.          :
_____


I.  Introduction

The plaintiff Mann-Ricot Massieu, currently housed at the South Bay Correctional Facility, has filed a pro se civil rights complaint for damages pursuant to 42 U.S.C §1983 and an amended complaint (DE#11). The plaintiff is proceeding in forma pauperis.

This cause is presently before the Court for initial screening of the amended complaint (DE#11) pursuant to 28 U.S.C. §1915.


II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*    *    *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time
if the court determines that –

\*   \*   \*

(B) the action or appeal –

\*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

This is a civil rights action pursuant to 42 U.S.C. §1983.
Such actions require the deprivation of a federally protected right
by a person acting under color of state law.  <u>See</u> 42 U.S.C. §1983;
<u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Whitehorn v. Harrelson</u>,
758 F.2d 1416, 1419 (11 Cir. 1985).

A complaint is "frivolous under section 1915(e) "where it
lacks an arguable basis either in law or in fact." <u>Neitzke v.</u>
<u>Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346,
1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." <u>Denton v.</u>
<u>Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state

2

a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)").  In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States.  Arrington v. Cobb
County, 139 F.3d 865, 872 (11 Cir. 1998).

   Pro-se complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106
(1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
The allegations of the complaint are taken as true and are
construed in the light most favorable to Plaintiff.  Davis v.
Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

   To determine whether a complaint fails to state a claim upon
which relief can be granted, the Court must engage in a two-step
inquiry.  First, the Court must identify the allegations in the
complaint that are not entitled to the assumption of truth. Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly
applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d
1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that
are] supported by mere conclusory statements."  Second, the Court
must determine whether the complaint states a plausible claim for
relief.  Id.  This is a "context-specific task that requires the
reviewing court to draw on its judicial experience and common

3

sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names Detective Louis Bautista, Deputy M. Gebert, as well as the Broward Sheriff's Office, and Sheriff Lamberti as defendants.

The plaintiff alleges he was arrested and detained without probable cause in violation of his Fourth Amendment Rights. On September 14, 2002, Deputy Gebert stopped the plaintiff and his co-defendant, handcuffed him and transported him to the police station. He was held in a cell, handcuffed and not read his Miranda rights. The plaintiff claims that Deputy Gebert and Detective Bautista maliciously prosecuted him by fabricating evidence leading to his arrest and conviction.

Statute of Limitations

1. Illegal search and seizure

The plaintiff's allegedly illegal search and seizure occurred on September 14, 2002, and these claims are untimely, as this complaint was filed more than four years after the events occurred.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The Complaint filed pursuant to 42 U.S. §1983 is governed by Florida's limitations period of four years. A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). The plaintiff had four years from September 14, 2002, to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on June 29, 2009.[2]

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

---

[2] Although the initial complaint was actually filed on June 29, 2009, the plaintiff signed the complaint on June 24, 2009, and it is deemed filed on this earlier date, presumably the date the plaintiff handed the document to prison officials for mailing to the Court. Unlike "free world" litigants, the date an incarcerated individual "files" a complaint is the date it is delivered to prison authorities for mailing. Garvey v. Vaughn, 993 F.2d 776 (11 Cir. 1993). The Garvey Court held that the so-called "mailbox rule" announced in Houston v. Lack, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions, in Federal Tort Claims Act cases, and in Bivens actions. Id.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (l989).  Florida has a general tolling statute, <u>Fla.Stat.</u> §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years.  The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included.  <u>McMillen v. Hamilton</u>, 48 So.2d 162 (Fla. 1950); <u>Fla.R.Civ.P.</u> 1.090(a).  Because the plaintiff's injuries allegedly occurred on September 14, 2002, his last day to file a civil action was September 14, 2006.  The complaint in this case was filed beyond the expiration of the four year period of limitations.

2. <u>Malicious Prosecution</u>

The plaintiff claims that Gebert and Batista maliciously prosecuted him by fabricating evidence leading to his arrest and conviction. This claim too, is time barred. Research at the Florida Department of Corrections website reveals that the petitioner was convicted of trafficking in stolen property and grand theft resulting from the 2002 arrest, in case no. 03-4119. The plaintiff was sentenced in Broward County on April 8, 2004. This complaint

was not filed until June of 2009, outside of the four year statute
of limitations.


### 3.   Plaintiff's claims of innocence

The plaintiff claims that he was in rightful possession of the
property found in the car he was driving. This claim is
procedurally barred. An attack upon evidence presented at trial is
barred by Heck v Humphrey, 512 U.S. 477, 486-487 (1994) as it
challenges the validity of the plaintiff's conviction. This claim
may only be brought if the conviction is overturned or declared
invalid. It does not appear that the plaintiff has filed a habeas
corpus petition in this Court challenging his conviction. His only
recourse is to attempt an out of time filing of a petition filed
pursuant to 28 U.S.C. §2254.


### III.   Recommendation

Based on the foregoing, it is recommended that the Complaint
be dismissed as time barred, and barred by Heck, supra, and the
case be closed.

Objections to this report may be filed with the District Judge
within fourteen days of receipt of a copy of the report.

Dated this 16th day of December, 2009.


_____
UNITED STATES MAGISTRATE JUDGE

```
cc:  Mann Ricot Massieu, Pro Se
     L28293
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493
```